IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

LUFKIN DIVISION

| | | |
|---|---|---|
| VINCENT LEE LATHAM | § | |
| VS. | § | CIVIL ACTION NO. 9:21-CV-35 |
| DIRECTOR, TDCJ-CID | § | |

ORDER OVERRULING PETITIONER'S OBJECTIONS AND ADOPTING
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Petitioner Vincent Lee Latham, a prisoner confined in the Texas Department of Criminal Justice, Correctional Institutions Division, proceeding through counsel, brought this Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

The court referred this matter to the Honorable Christine L. Stetson, United States Magistrate Judge, for consideration pursuant to applicable laws and orders of this court. The magistrate judge recommends dismissing the Petition as barred by the statute of limitations.

The court has received and considered the Report and Recommendation of United States Magistrate Judge, along with the record and the pleadings. Petitioner filed Objections to the magistrate judge's Report and Recommendation.

The court has conducted a *de novo* review of the Objections in relation to the pleadings and the applicable law. *See* FED. R. CIV. P. 72(b). After careful consideration of all the pleadings and the relevant case law, the court concludes that Petitioner's Objections lack merit.

On November 1, 2017, Petitioner was sentenced in the 145th Judicial District Court of Nacogdoches County, Texas, to life imprisonment after a jury found him guilty of aggravated robbery. The judgment was affirmed on appeal, and the Texas Court of Criminal Appeals refused

Petitioner's Petition for Discretionary Review on April 17, 2019. Because Petitioner did not file a petition for writ of certiorari, the judgment became final on July 17, 2019. *See Ott v. Johnson*, 192 F.3d 510, 513 (5th Cir. 1999) (holding that a state conviction becomes final when the time for filing a petition for writ of certiorari expires or when the United States Supreme Court denies certiorari). The one-year statute of limitations set forth in 28 U.S.C. § 2244(d) began to run the next day. The statute of limitations was tolled on June 15, 2020, when Petitioner filed his 11.07 Application for habeas relief in state court. Petitioner had thirty-two days left in which to file a federal petition when his Application was denied on October 21, 2020. The statute of limitations expired on Monday, November 23, 2020. This Petition was not filed until February 17, 2021.

Petitioner does not argue that the Petition is timely. Rather, he contends there are circumstances warranting equitable tolling. Equitable tolling is available only if the petitioner diligently pursued his rights and extraordinary circumstances prevented timely filing. *Holland v. Florida*, 560 U.S. 631, 649 (2010). A prisoner's *pro se* status and ignorance of the law are not exceptional circumstances that warrant equitable tolling. *Fisher v. Johnson*, 174 F.3d 710, 714 (5th Cir. 1999).

Petitioner contends that equitable tolling is warranted because he did not have access to his legal documents for a period of time after they were confiscated by prison officials, and he did not have physical access to the law library due to a prison lockdown. Despite these obstacles, Petitioner was able to file an 11.07 Application in the state courts with thirty-two days left of the statute of limitations for filing a federal petition. Petitioner offers no explanation for his failure to file a timely federal petition after his 11.07 Application was denied. Petitioner has not demonstrated that he

diligently pursued his claims, and he failed to show exceptional circumstances warranting equitable tolling. Therefore, this Petition should be dismissed as barred by the statute of limitations.

In addition, Petitioner is not entitled to the issuance of a certificate of appealability. An appeal from a judgment denying federal habeas corpus relief may not proceed unless a judge issues a certificate of appealability. *See* 28 U.S.C. § 2253; FED. R. APP. P. 22(b). The standard for granting a certificate of appealability, like that for granting a certificate of probable cause to appeal under prior law, requires Petitioner to make a substantial showing of the denial of a federal constitutional right. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000); *Elizalde v. Dretke*, 362 F.3d 323, 328 (5th Cir. 2004); *see also Barefoot v. Estelle*, 463 U.S. 880, 893 (1982). In making that substantial showing, Petitioner need not establish that he should prevail on the merits. Rather, he must demonstrate that the issues are subject to debate among jurists of reason, that a court could resolve the issues in a different manner, or that the questions presented are worthy of encouragement to proceed further. *See Slack*, 529 U.S. at 483-84; *Avila v. Quarterman*, 560 F.3d 299, 304 (5th Cir. 2009). If the petition was denied on procedural grounds, Petitioner must show that jurists of reason would find it debatable: (1) whether the petition raises a valid claim of the denial of a constitutional right, and (2) whether the district court was correct in its procedural ruling. *Slack*, 529 U.S. at 484; *Elizalde*, 362 F.3d at 328. Any doubt regarding whether to grant a certificate of appealability is resolved in favor of the petitioner, and the severity of the penalty may be considered in making this determination. *See Miller v. Johnson*, 200 F.3d 274, 280-81 (5th Cir. 2000).

Here, Petitioner has not shown that any of the issues raised by his claims are subject to debate among jurists of reason, or that a procedural ruling was incorrect. In addition, the questions

presented are not worthy of encouragement to proceed further. Therefore, Petitioner has failed to make a sufficient showing to merit the issuance of a certificate of appealability.

### ORDER

Accordingly, Petitioner's Objections (Doc. #18) are **OVERRULED**. The findings of fact and conclusions of law of the magistrate judge are correct, and the report of the magistrate judge (Doc. #17) is **ADOPTED**. A final judgment will be entered in this case in accordance with the magistrate judge's recommendation. A certificate of appealability will not be issued.

**SIGNED** this the 27 day of **April, 2022.**

_____
Thad Heartfield
United States District Judge